CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TEXAS, 77868

TEXAS COURT OF CRIMINAL APPEALS (CLERK)

P.O. BOX 12308

AUSTIN, TEXAS, 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta. Clerk

RE: CAUSE NO. WR-78,218-01

Dear Hon. Clerk; (Greetings)

    Please find enclosed, the original and (2) copies of Applicant's Suggestion For Reconsideration on the Court's Own Motion to be filed for review.

                    Sincerely Thankful;

                    Chrisondath Badall

MOTION DENIED
DATE: 10-28-15
BY: PC

This document contains some pages that are of poor quality at the time of imaging.

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

78,218-01

EX PARTE,                              §

BADALL, CHRISONDATH                    §       CAUSE NO. WR-78,218-01

(Applicant)                            §

APPLICANT'S SUGGESTION FOR RECONSIDERATION

OF COURT'S DISMISSAL OF APPLICANT'S WRIT OF HABEAS CORPUS,

PURSUANT TO C.C.P. ART. 11.07, ON THE COURT'S OWN MOTION

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, CHRISONDATH BADALL, Applicant, proceeding pro se in the above styled and numbered cause, respectfully makes his suggestion for reconsideration of the Court's DISMISSAL of Applicant's Writ of Habeas Corpus, pursuant to V.A.C.C.P. ART. 11.07, on the Court's own motion. In support thereof, Applicant, hereinafter referred to as, "BADALL," would show the Court the following:

I.

Applicant's request for this Court's reconsideration of its DISMISSAL of Applicant's art. 11.07, Writ of Habeas Corpus, on its own motion is authorized by T.R.A.P. Rule 79.2(d).

1.

Applicant believes the Court's reconsideration of its DISMISSAL of Applicant's Application for Writ of Habeas Corpus (11.07) is required in the interest of justice for the following reason:

THE CLERK OF THE CONVICTING COURT AND/OR COURT OF CRIMINAL APPEALS UNREASONABLY DISMISSED APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS (11.07), IN VIOLATION OF APPLICANT'S DUE PROCESS RIGHT, PURSUANT TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, §12, OF THE TEXAS CONSTITUTION, TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1.08, 11.05, 11.07, AND T.R.A.P. RULE 73.1 & 2.

## RELEVANT FACTS

The record reveals that on August 13, 2012, the Court of Criminal Appeals received Mr. Badall's Application for Writ of Habeas Corpus (11.07) in Cause No. WR-78,218-01, but DISMISSED the Application for non-compliance on August 22, 2012. See: (WR-78,218-01)

At no time prior to the Court's dismissal of Badall's Application was he notified by either, the Clerk of the convicting Court or the Clerk of the Court of Criminal Appeals of any defect(s) within the Application, as required by T.R.A.P. Rule 73.2, nor was Mr. Badall, or the convicting Court notified of the Court's dismissal of the Application on August 22, 2012. See: (EXHIBIT-A)

Due to reason, the convicting court was not advised of the dismissal of Badall's Application for Writ of Habeas Corpus, and believed it was still active, the convicting court conducted

2.

a "LIVE" evidentiary hearing on June 11, 2013, pursuant to V.A.C.C.P. art. 11.07, §3(d). The convicting court (75th Judicial District Court of Liberty, County, Texas), in addition, appointed Mr. Badall an attorney specifically for the evidentiary hearing process. See: (WR-78,218-01)

After the evidentiary hearing was conducted, counsel for the state and counsel for Mr. Badall submitted their Proposed Findings of Fact and Conclusions of Law for the trial Judge's consideration.

On September 23, 2013, the Court of Criminal Appeals received the Supplemental Clerk's Record from the convicting court, which included the record of the evidentiary hearing and the Findings of Fact and Conclusions of Law rendered by the trial judge.

On February 24, 2015, Mr. Badall sent a letter to the Court of Criminal Appeals requesting a status report on his pending Application for writ of habeas corpus. After no response, Mr. Badall sent another letter to the Court of Criminal Appeals, along with a letter to his appointed attorney, requesting a status report. See: (EXHIBIT-B)

On March 27, 2015, Mr. Badall's appointed attorney responded by informing Badall that his Application for Writ of Habeas Corpus was DISMISSED for NON-COMPLIANCE almost (2) years prior to his status report request, on August 22, 2012. See: (EXHIBIT-B)

Mr. Badall, although still not knowing the reason(s) for the dismissal of his Application, immediately prepared and submitted another Application for Writ of Habeas Corpus, pursuant to

3.

V.A.C.C.P. art. 11.07.

On June 19, 2015, Mr. Badall's Application for Writ of Habeas Corpus was again DISMISSED for NON-COMPLIANCE pursuant to T.R.A.P. Rule 73.2. See: (EXHIBIT-C)

As before, Mr. Badall was not notified by either the Clerk of the convicting Court, or the Clerk of the Court of Criminal Appeals regarding what defects, if any, needed corrected for compliance with Rule 73. See: (EXHIBIT-A)

## ARGUMENT AND AUTHORITIES

An application filed under Article 11.07, Texas Code of Criminal Procedure, must be filed on the prescribed 11.07 form application. See: EX PARTE BLACKLOCK, 191 S.W.3d 718, 719 (Tex.Crim.App. 2006) (citing T.R.A.P. Rule 73.1(a)).

Pursuant to T.R.A.P. Rule 73.1(c), the person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in SUMMARY fashion the FACTS supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

As the record reveals, Mr. Badall sufficiently complied to each and every requirement set forth in Rule 73.1(a) through (d), in BOTH applications submitted by Badall. See: (WR-78,218-01).

4.

Pursuant to T.R.A.P. Rule 73.2, the Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the original form.

The Clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the Clerk of the convicting court, with a notation of the defect, AND THE CLERK OF THE CONVICTING COURT WILL RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the official form.

As stated previously, Mr. Badall was never notified by either Court Clerk that his application had been dismissed on August 22, 2012, nor was informed for what reason(s) it was dismissed, until he requested a status report on February 24, 2015, and March 13, 2015, etc. See: (EXHIBIT-A, B)

A question has to be raised as to, if Mr. Badall or the trial judge knew the Application was dismissed on August 22, 2012, why then would the trial judge conduct a "live" evidentiary hearing and enter his Findings of Fact and Conclusions of Law on the same Application on June 11, 2013?

Also, another question must be raised, if the Clerk of the convicting Court fulfilled her duties mandated by art. 11.07, §3(b), and forwarded Badall's Application to the District Attorney, etc., then how did the Court of Criminal Appeals DISMISS Badall's Application BEFORE any Findings of Fact and Conclusions of Law were provided to them pursuant to art. 11.07, §3(d)?

5.

Mr. Badall asserts that the record clearly reveals that his Application filed on April 18, 2012, and/or the Application dismissed on June 19, 2015, were in compliance with T.R.A.P. Rule 73.1(a)-(d), whereas, the information provided on the application were typewritten, the FACTS were in summary form, and the applications and memorandums were within the required page limitation. See: (WR-78,218-01)

Article I, §12 of the Texas Constitution states: "The writ of habeas corpus is a writ of right and shall never be suspended." See also: EX PARTE THOMPSON, 273 S.W.3d 177, 181 (Tex.Crim.App. 2008)(The legislature shall enact laws to render the remedy speedy and effectual).

Similarly, article 1.08, Texas Code of Criminal Procedure, provides that "the writ of habeas corpus is a writ of right and shall never be suspended."

In addition, the Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, UPON PROPER MOTION, to grant the writ under the rules prescribed by law. See: TEX.CODE CRIM.PROC. ART. 11.05.

By the Court(s) DISMISSAL of Badall's application(s) for writ of habeas corpus, such unreasonable action has placed an unnecessary burden, delay, and expense on Mr. Badall from having to reproduce copies of exhibits and refiling the application and memorandum, etc.

6.

## PRAYER

For the above and foregoing reasons, Mr. Badall asks this Court to reconsider its dismissal of his Application(s) for Writ of Habeas Corpus on the court's own motion, and reinstate Mr. Badall's Application/memorandum for review of its merits.

Executed on this ___16th___ day of __October__, 2015.

*Chrisondath Badall*

CHRISONDATH BADALL

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - $132.003, that the facts stated herein my request for the Court's reconsideration of its dismissal of my application for writ of habeas corpus, on the court's own motion, is true and correct.

Executed on this ___16th___ day of __October__, 2015.

*Chrisondath Badall*

CHRISONDATH BADALL

## CERTIFICATE OF SERVICE

I, CHRISONDATH BADALL, do certify that a true and correct copy of this document was served on Respondent by U.S. Mail, postage prepaid, addressed to:

Liberty County, Texas, District Attorney

1923 Sam Houston St.

Liberty, Texas, 77575

*Chrisondath Badall*

CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TX. 77868

7.

EXHIBIT - A

# VOLUNTARY AFFIDAVIT

I, CHRISONDATH BADALL, being of sound mind, and over the age of (18) years old, make this declaration from personal knowledge, and under the penalty of perjury:

I filed my first Application for Writ of Habeas Corpus pursuant to C.C.P. art. 11.07, on April 18, 2012. On June 11, 2013, the trial judge of the 75th Judicial District Court of Liberty County, Texas, appointed me an attorney and held an evidentiary hearing pursuant to trial cause no. CR-24,834-A, and Writ No. WR-78,218-01.

At no time prior to this evidentiary hearing was I informed that my application for writ of habeas corpus had been DISMISSED for NON-COMPLIANCE on August 22, 2012. I did not learn of this fact until after requesting a status report from my appointed attorney, on March 27, 2015. See: (EXHIBIT-B)

I immediately refiled my application for writ of habeas corpus, but it was, AGAIN, dismissed for non-compliance on June 19, 2015, unbeknownth to me until obtaining another status report by way of the inter-net. See: (EXHIBIT-C)

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury that the facts stated herein my Voluntary Affidavit is true and correct.
Executed on this ___16th___ day of ___October___, 2015.

*(signature)*

CHRISONDATH BADALL
T.D.C.J. NO.#1329319
2400 wallace pack rd.
navasota, texas, 77868

EXHIBIT - B

Stephen C. Taylor
Attorney at Law

P.O. Box 293
Conroe, Texas   77305
Voice Mail (800) 223-8308
Fax (936) 539-1079
e-mail: sctaylor1@peoplepc.com

March 27, 2015

Chrisondath Badall
TDC# 1329319
Pack One Unit
2400 Wallace Pack Rd.
Navasota, Texas   77868

Re: Writ No. WR-78,218-01; Liberty County

Mr. Badall:

Records from the Court of Criminal Appeals (CCA) reflect:

On 8-13-12 the CCA received an Application for Writ of Habeas Corpus from you; assigned case# WR-78,218-01.

On 8-22-12 the CCA **DISMISSED** your Application for Writ of Habeas Corpus for **NON-COMPLIANCE**.

On 9-23-13 the CCA received the SUPPLEMENTAL CLERK'S RECORD from the Liberty County District Clerk's Office, which included the record from our hearings, and the FINDINGS OF FACT AND CONCLUSIONS OF LAW.  The CCA filed the SUPPLEMENTAL CLERK'S RECORD, but took **no action** because case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.

On 2-24-15 and 3-13-15 you corresponded with the CCA requesting a status update.  On both occasions the CCA advised you that case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.

Thank you,

Stephen C. Taylor



SHARON KELLER
  PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
  JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
  CLERK
  (512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
  (512) 463-1597

April 01, 2015

Chrisondath Badall
320 S. Chestnut St.
Lufkin, TX 75901

Re: Badall, Chrisondath
CCA No. WR-78,218-01
Trial Court Case No. CR24834-A

Your letter has been received. Please be advised:

IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☐ To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐ Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☒ **Your application for writ of habeas corpus has been received on Monday, August 13, 2012. The status is: DISMISSED -- NON COMPLIANT on August 22, 2012. Specifically, facts not set out on the prescribed form.**

☐ Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

Sincerely,

Abel Acosta, Clerk

# Court of Criminal Appeals

Style: Badall, Chrisondath

| | | |
|---|---|---|
| **Original Proceeding:** | **No** | |
| **Case Description:** | 11.07 HC | |
| | Punishment: 55 YRS | BondAmount: | In Jail: False |

## Trial Court Information

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Liberty | 75th District Court | CR24834-A | | |

## COA Information

| COA Case Number | Published Cite | COAJudge | Disposition Code |
|---|---|---|---|
| 09-05-00498-CR | | | |

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 03/13/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/RETD | | | |
| 02/24/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/RETD | | | |
| 09/23/2013 | HABEAS CORPUS REC - 1107-HC | SUPP/CLERK RECORD | WRIT | | | | |
| 08/22/2012 | HABEAS CORPUS REC - 1107-HC | ACTION TAKEN | WRIT | NONCOMP/RETD | | NONCOMP/RETD 73.1 | |
| 08/15/2012 | HABEAS CORPUS REC - 1107-HC | WRIT SUBMITTED | WRIT | | | | |
| 08/13/2012 | HABEAS CORPUS REC - 1107-HC | WRIT RECEIVED | WRIT | | | | |

Texas Judicial
B R A N C H

MENU
Home
Courts ⌄
Rules & Forms ⌄
Organizations ⌄
Publications & Training ⌄
Programs & Services ⌄
Judicial Data ⌄
eFile Texas
Media

## CASE: WR-78,218-01

| | |
|---|---|
| DATE FILED: | 08/13/2012 |
| CASE TYPE: | 11.07 HC |
| STYLE: | BADALL, CHRISONDATH |
| V.: | |

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|---|---|---|---|
| NO BRIEFS. | | | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 03/13/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [ PDF/57 KB ] |
| 02/24/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [ PDF/35 KB ] NOTICE [ PDF/102 KB ] |
| 09/23/2013 | SUPP/CLERK RECORD | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |
| 08/22/2012 | ACTION TAKEN | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | DISMISSED – NON-COMPLIANCE | |
| 08/13/2012 | WRIT RECEIVED | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|---|---|---|
| 08/22/2012 | STORED | WRIT STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|---|---|---|
| BADALL, CHRISONDATH | APPLICANT (WRITS)/APPELLANT'S (CASES) | |

## COURT OF APPEALS INFORMATION:

COA CASE NUMBER          09-05-00498-CR

COA DISPOSITION:

OPINION CITE:

COURT OF APPEALS DISTRICT:          9TH COURT OF APPEALS

## TRIAL COURT INFORMATION

COURT:          75TH DISTRICT COURT

COUNTY:          LIBERTY

COURT JUDGE:

COURT CASE:          CR24834-A

EXHIBIT - C

Main Case Page | History/Calendaring | Docket Transactions | Notes

Case No    CR24834-A                                            File No   CR24834-A

| Seq Name | Date | Description | Vol | Page |
|----------|------|-------------|-----|------|
| C | 07222013 | AFFIDAVIT OF JOSEPH L. LANZA/SB | I | 4 |
| C | 09132013 | FINDINGS OF FACT AND CONCLUSIONS OF LAW/SB | I | 11 |
| C | 09132013 | DOCKET SHEET/SB | I | 1 |
| C | 09182013 | PREPARED AND MAILED 1ST SUPPLEMENTAL RECORD/SB | I | 202 |
| C | 09182013 | DOCKET SHEET/SB | I | 2 |
| C | 09182013 | COVER LETTER TO COA/SB | I | 1 |
| C | 06192015 | PER COA THIS CASE WAS DISMISSED FOR NON COMPLIANCE/TM | | |

Additional information

Sequence [      ]    Party Name [                              ]    Date [      ]

◁  OK | Prior | Imaging | Save | Parties | View Money | Locate | Exit | Help  ▷

Exhibit D

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: CHRISONDATH BADALL

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: PACK-ONE UNIT, T.D.C.J.

TDCJ-CID NUMBER: 1329319        SID NUMBER: _____

(1)    This application concerns (check all that apply):

&#9746;    a conviction                &#9633;    parole

&#9746;    a sentence                  &#9633;    mandatory supervision

&#9633;    time credit                 &#9746;    out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

    75th JUDICIAL DISTRICT, LIBERTY COUNTY, TEXAS

(3)    What was the case number in the trial court?

    CAUSE NO. 24,834

(4)    What was the name of the trial judge?

    HON. C.T. HIGHT (Trial) and HON. CHAP CAIN (Bond Hearing)

1

(5) Were you represented by counsel? If yes, provide the attorney's name:

RICHARD "RACE-HORSE" HAYNES (Trial) JOSEPH L. LANZA (Appeal)

(6) What was the date that the judgment was entered?

SETEMBER 9, 2005

(7) For what offense were you convicted and what was the sentence?

MURDER (55) YEARS IMPRISONMENT

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10) What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

GUILT/INNOCENCE and PUNISHMENT

(12) Did you appeal from the judgment of conviction?

☒ yes                      ☐ no

2

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? NINTH DISTRICT OF TEXAS

(B) What was the case number? 09-05-00498-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
JOSEPH L. LANZA

(D) What was the decision and the date of the decision? AFFIRMED/1-31-07

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? PD-0552-07

(B) What was the decision and the date of the decision? DISMISSED/6-20-07

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes          ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? N/A

(B) What was the decision and the date of the decision? N/A

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

N/A

_____

_____

3

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

_____N/A_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☐ no    N/A

If you answered yes, answer the following questions:

(A)  What date did you present the claim? __N/A_____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____N/A_____

If you answered no, please explain why you have not submitted your claim:

_____N/A_____

_____

_____

_____

_____

(17)  Beginning on page 6, state _concisely_ every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. _If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds._

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

ATC-11.07

## GROUND ONE:
### INEFFECTIVE ASSISTANCE OF TRIAL and/or APPEAL COUNSEL

(NOTE: Same Law Firm handled applicant's trial and appeal)

## FACTS SUPPORTING GROUND ONE:

Applicant's trial and/or appellate counsel's representation was so deficient that it fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel(s) unprofessional error(s) stated in points of error (A) through (F) of applicant's MEMORANDUM IN SUPPORT of application, the result of the trial and/or appellate proceeding would had been different, thus, violating applicant's 6th and 14th amendment rights to the U.S. Constitution and Art.I, §10, of the Texas Constitution.

See: (MEMORANDUM IN SUPPORT OF APPLICATION, page 1-  )

6

Revised: September 1, 2011                                                    ATC-11.07

**GROUND TWO:**

N/A

**FACTS SUPPORTING GROUND TWO:**

N/A

Revised: September 1, 2011                                                                 ATC-11.07

**GROUND THREE:**

N/A

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GROUND FOUR:

N/A

## FACTS SUPPORTING GROUND FOUR:

N/A

**GROUND:**

N/A

_____

_____

**FACTS SUPPORTING GROUND:**

_____

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
~~~~~ ~~ MAY BE ENTITLED IN THIS PROCEEDING.**

10

# VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____N/A_____, being duly sworn, under oath says: "I am the applicant / petitioner

(circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according

to my belief, the facts stated in the application are true."

_____N/A_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.

_____N/A_____
Signature of Notary Public

11

Revised: September 1, 2011

ATC-11.07

## PETITIONER'S INFORMATION

Petitioner's printed name: _____ N/A _____

State bar number, if applicable: _____ N/A _____

Address: _____ N/A _____

_____

_____

Telephone: _____ N/A _____

Fax: _____ N/A _____

## INMATE'S DECLARATION

I, __Chrisondath Badall__, am the applicant / petitioner (circle one) and being presently incarcerated in __T.D.C.J.-C.I.D.__, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

12

## PETITIONER'S INFORMATION

Petitioner's printed name: JAMES WESLEY SCHEXNIDER

Address: 3060 FM 3514 #703577

MARK W. STILES UNIT T.D.C.J.

BEAUMONT, TEXAS, 77705

Telephone: N/A

Fax: N/A

Signed on _____, 20_____.

_____
Signature of Petitioner

13

ATC-11.07

CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TEXAS, 77868


TEXAS COURT OF CRIMINAL APPEALS (CLERK)

P.O. BOX 12308

AUSTIN, TEXAS, 78711


RE: <u>CAUSE NO. WR-78,218-01</u>


Dear Hon. Clerk; (Greetings)

    Please find enclosed, the original and (2) copies of Applicant's
Suggestion For Reconsideration on the Court's Own Motion to be
filed for review.

                              Sincerely Thankful;

                              Chrisondath Badall

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

EX PARTE,                           §

BADALL, CHRISONDATH                 §        CAUSE NO. WR-78,218-01

(Applicant)                         §

APPLICANT'S SUGGESTION FOR RECONSIDERATION

OF COURT'S DISMISSAL OF APPLICANT'S WRIT OF HABEAS CORPUS,

PURSUANT TO C.C.P. ART. 11.07, ON THE COURT'S OWN MOTION

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, CHRISONDATH BADALL, Applicant, proceeding pro se in the above styled and numbered cause, respectfully makes his suggestion for reconsideration of the Court's DISMISSAL of Applicant's Writ of Habeas Corpus, pursuant to V.A.C.C.P. ART. 11.07, on the Court's own motion. In support thereof, Applicant, hereinafter referred to as, "BADALL," would show the Court the following:

I.

Applicant's request for this Court's reconsideration of its DISMISSAL of Applicant's art. 11.07, Writ of Habeas Corpus, on its own motion is authorized by T.R.A.P. Rule 79.2(d).

1.

Applicant believes the Court's reconsideration of its DISMISSAL of Applicant's Application for Writ of Habeas Corpus (11.07) is required in the interest of justice for the following reason:

THE CLERK OF THE CONVICTING COURT AND/OR COURT OF CRIMINAL APPEALS UNREASONABLY DISMISSED APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS (11.07), IN VIOLATION OF APPLICANT'S DUE PROCESS RIGHT, PURSUANT TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, §12, OF THE TEXAS CONSTITUTION, TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1.08, 11.05, 11.07, AND T.R.A.P. RULE 73.1 & 2.

## RELEVANT FACTS

The record reveals that on August 13, 2012, the Court of Criminal Appeals received Mr. Badall's Application for Writ of Habeas Corpus (11.07) in Cause No. WR-78,218-01, but DISMISSED the Application for non-compliance on August 22, 2012. See: (WR-78,218-01)

At no time prior to the Court's dismissal of Badall's Application was he notified by either, the Clerk of the convicting Court or the Clerk of the Court of Criminal Appeals of any defect(s) within the Application, as required by T.R.A.P. Rule 73.2, nor was Mr. Badall, or the convicting Court notified of the Court's dismissal of the Application on August 22, 2012. See: (EXHIBIT-A)

Due to reason, the convicting court was not advised of the dismissal of Badall's Application for Writ of Habeas Corpus, and believed it was still active, the convicting court conducted

2.

a "LIVE" evidentiary hearing on June 11, 2013, pursuant to V.A.C.C.P. art. 11.07, §3(d). The convicting court (75th Judicial District Court of Liberty, County, Texas), in addition, appointed Mr. Badall an attorney specifically for the evidentiary hearing process. See: (WR-78,218-01)

After the evidentiary hearing was conducted, counsel for the state and counsel for Mr. Badall submitted their Proposed Findings of Fact and Conclusions of Law for the trial Judge's consideration.

On September 23, 2013, the Court of Criminal Appeals received the Supplemental Clerk's Record from the convicting court, which included the record of the evidentiary hearing and the Findings of Fact and Conclusions of Law rendered by the trial judge.

On February 24, 2015, Mr. Badall sent a letter to the Court of Criminal Appeals requesting a status report on his pending Application for writ of habeas corpus. After no response, Mr. Badall sent another letter to the Court of Criminal Appeals, along with a letter to his appointed attorney, requesting a status report. See: (EXHIBIT-B)

On March 27, 2015, Mr. Badall's appointed attorney responded by informing Badall that his Application for Writ of Habeas Corpus was DISMISSED for NON-COMPLIANCE almost (2) years prior to his status report request, on August 22, 2012. See: (EXHIBIT-B)

Mr. Badall, although still not knowing the reason(s) for the dismissal of his Application, immediately prepared and submitted another Application for Writ of Habeas Corpus, pursuant to

3.

V.A.C.C.P. art. 11.07.

On June 19, 2015, Mr. Badall's Application for Writ of Habeas Corpus was again DISMISSED for NON-COMPLIANCE pursuant to T.R.A.P. Rule 73.2. See: (EXHIBIT-C)

As before, Mr. Badall was not notified by either the Clerk of the convicting Court, or the Clerk of the Court of Criminal Appeals regarding what defects, if any, needed corrected for compliance with Rule 73. See: (EXHIBIT-A)

## ARGUMENT AND AUTHORITIES

An application filed under Article 11.07, Texas Code of Criminal Procedure, must be filed on the prescribed 11.07 form application. See: EX PARTE BLACKLOCK, 191 S.W.3d 718, 719 (Tex.Crim.App. 2006) (citing T.R.A.P. Rule 73.1(a)).

Pursuant to T.R.A.P. Rule 73.1(c), the person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in SUMMARY fashion the FACTS supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

As the record reveals, Mr. Badall sufficiently complied to each and every requirement set forth in Rule 73.1(a) through (d), in BOTH applications submitted by Badall. See: (WR-78,218-01).

4.

Pursuant to T.R.A.P. Rule 73.2, the Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the original form.

The Clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the Clerk of the convicting court, with a notation of the defect, AND THE CLERK OF THE CONVICTING COURT WILL RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the official form.

As stated previously, Mr. Badall was never notified by either Court Clerk that his application had been dismissed on August 22, 2012, nor was informed for what reason(s) it was dismissed, until he requested a status report on February 24, 2015, and March 13, 2015, etc. See: (EXHIBIT-A, B)

A question has to be raised as to, if Mr. Badall or the trial judge knew the Application was dismissed on August 22, 2012, why then would the trial judge conduct a "live" evidentiary hearing and enter his Findings of Fact and Conclusions of Law on the same Application on June 11, 2013?

Also, another question must be raised, if the Clerk of the convicting Court fulfilled her duties mandated by art. 11.07, §3(b), and forwarded Badall's Application to the District Attorney, etc., then how did the Court of Criminal Appeals DISMISS Badall's Application BEFORE any Findings of Fact and Conclusions of Law were provided to them pursuant to art. 11.07, §3(d)?

5.

Mr. Badall asserts that the record clearly reveals that his Application filed on April 18, 2012, and/or the Application dismissed on June 19, 2015, were in compliance with T.R.A.P. Rule 73.1(a)-(d), whereas, the information provided on the application were typewritten, the FACTS were in summary form, and the applications and memorandums were within the required page limitation. See: (WR-78,218-01)

Article I, §12 of the Texas Constitution states: "The writ of habeas corpus is a writ of right and shall never be suspended." See also: EX PARTE THOMPSON, 273 S.W.3d 177, 181 (Tex.Crim.App. 2008)(The legislature shall enact laws to render the remedy speedy and effectual).

Similarly, article 1.08, Texas Code of Criminal Procedure, provides that "the writ of habeas corpus is a writ of right and shall never be suspended."

In addition, the Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, UPON PROPER MOTION, to grant the writ under the rules prescribed by law. See: TEX.CODE CRIM.PROC. ART. 11.05.

By the Court(s) DISMISSAL of Badall's application(s) for writ of habeas corpus, such unreasonable action has placed an unnecessary burden, delay, and expense on Mr. Badall from having to reproduce copies of exhibits and refiling the application and memorandum, etc.

6.

## PRAYER

For the above and foregoing reasons, Mr. Badall asks this Court to reconsider its dismissal of his Application(s) for Writ of Habeas Corpus on the court's own motion, and reinstate Mr. Badall's Application/memorandum for review of its merits.

Executed on this _____16th_____ day of ___October___, 2015.

_Chrisondath Badall_

CHRISONDATH BADALL

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - $132.003, that the facts stated herein my request for the Court's reconsideration of its dismissal of my application for writ of habeas corpus, on the court's own motion, is true and correct.

Executed on this _____16th_____ day of ___October___, 2015.

_Chrisondath Badall_

CHRISONDATH BADALL

## CERTIFICATE OF SERVICE

I, CHRISONDATH BADALL, do certify that a true and correct copy of this document was served on Respondent by U.S. Mail, postage prepaid, addressed to:

Liberty County, Texas, District Attorney

1923 Sam Houston St.

Liberty, Texas, 77575

_Chrisondath Badall_

CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TX. 77868

7.

EXHIBIT - A

## VOLUNTARY AFFIDAVIT

I, CHRISONDATH BADALL, being of sound mind, and over the age of (18) years old, make this declaration from personal knowledge, and under the penalty of perjury:

I filed my first Application for Writ of Habeas Corpus pursuant to C.C.P. art. 11.07, on April 18, 2012. On June 11, 2013, the trial judge of the 75th Judicial District Court of Liberty County, Texas, appointed me an attorney and held an evidentiary hearing pursuant to trial cause no. CR-24,834-A, and Writ No. WR-78,218-01.

At no time prior to this evidentiary hearing was I informed that my application for writ of habeas corpus had been DISMISSED for NON-COMPLIANCE on August 22, 2012. I did not learn of this fact until after requesting a status report from my appointed attorney, on March 27, 2015. See: (EXHIBIT-B)

I immediately refiled my application for writ of habeas corpus, but it was, AGAIN, dismissed for non-compliance on June 19, 2015, unbeknownth to me until obtaining another status report by way of the inter-net. See: (EXHIBIT-C)

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury that the facts stated herein my Voluntary Affidavit is true and correct.

Executed on this ___16th___ day of __October__, 2015.

CHRISONDATH BADALL

T.D.C.J. NO.#1329319

2400 wallace pack rd.

navasota, texas, 77868

EXHIBIT - B

Stephen C. Taylor
Attorney at Law

P.O. Box 293
Conroe, Texas  77305
Voice Mail (800) 223-8308
Fax (936) 539-1079
e-mail: sctaylor1@peoplepc.com


March 27, 2015


Chrisondath Badall
TDC# 1329319
Pack One Unit
2400 Wallace Pack Rd.
Navasota, Texas  77868

Re: Writ No. WR-78,218-01; Liberty County

Mr. Badall:

Records from the Court of Criminal Appeals (CCA) reflect:

On 8-13-12 the CCA received an Application for Writ of Habeas Corpus from you; assigned case# WR-78,218-01.

On 8-22-12 the CCA **DISMISSED** your Application for Writ of Habeas Corpus for **NON-COMPLIANCE**.

On 9-23-13 the CCA received the SUPPLEMENTAL CLERK'S RECORD from the Liberty County District Clerk's Office, which included the record from our hearings, and the FINDINGS OF FACT AND CONCLUSIONS OF LAW.  The CCA filed the SUPPLEMENTAL CLERK'S RECORD, but took **no action** because case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.

On 2-24-15 and 3-13-15 you corresponded with the CCA requesting a status update.  On both occasions the CCA advised you that case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.


Thank you,

Stephen C. Taylor



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

**COURT OF CRIMINAL APPEALS**
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

April 01, 2015

Chrisondath Badali
320 S. Chestnut St.
Lufkin. TX 75901

Re:  Badall, Chrisondath
**CCA No.** WR-78,218-01
**Trial Court Case No.** CR24834-A

Your letter has been received. Please be advised:

IMPORTANT:   PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☐ To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐ Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☒ **Your application for writ of habeas corpus has been received on Monday, August 13, 2012.    The status is: DISMISSED -- NON COMPLIANT on August 22, 2012. Specifically, facts not set out on the prescribed form.**

☐ Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

Sincerely,

Abel Acosta, Clerk

Style:  Badall, Chrisondath

| Original Proceeding: | **No** |
| Case Description: | **11.07 HC** |

Punishment: 55 YRS    BondAmount:    In Jail: False

**Trial Court Information**

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Liberty | 75th District Court | CR24834-A | | |

**COA Information**

| COA Case Number | Published Cite | COAJudge | Disposition Code |
|---|---|---|---|
| 09-05-00498-CR | | | |

**Events and Opinions**

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 03/13/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/RETD | | | |
| 02/24/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/RETD | | | |
| 09/23/2013 | HABEAS CORPUS REC - 1107-HC | SUPP/CLERK RECORD | WRIT | | | | |
| 08/22/2012 | HABEAS CORPUS REC - 1107-HC | ACTION TAKEN | WRIT | NONCOMP/RETD | | NONCOMP/RETD 73.1 | |
| 08/15/2012 | HABEAS CORPUS REC - 1107-HC | WRIT SUBMITTED | WRIT | | | | |
| 08/13/2012 | HABEAS CORPUS REC - 1107-HC | WRIT RECEIVED | WRIT | | | | |

MENU

Home
Courts ˅
Rules & Forms ˅
Organizations ˅
Publications & Training ˅
Programs & Services ˅
Judicial Data ˅
eFile Texas
Media

# CASE:    WR-78,218-01

**DATE FILED:**    08/13/2012

**CASE TYPE:**    11.07 HC

**STYLE:**    BADALL, CHRISONDATH

**V.:**

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|------|-----------|-------------|----------|
| NO BRIEFS. | | | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|------|-----------|-------------|-------------|----------|
| 03/13/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [ PDF/57 KB ] |
| 02/24/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [ PDF/35 KB ] NOTICE [ PDF/102 KB ] |
| 09/23/2013 | SUPP/CLERK RECORD | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |
| 08/22/2012 | ACTION TAKEN | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | DISMISSED – NON-COMPLIANCE | |
| 08/13/2012 | WRIT RECEIVED | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|----------|---------------|------------|
| 08/22/2012 | STORED | WRIT STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|-------|-----------|----------------|
| BADALL, CHRISONDATH | APPLICANT (WRITS)/APPELLANT'S (CASES) | |

## COURT OF APPEALS INFORMATION:

**COA CASE NUMBER**  09-05-00498-CR

**COA DISPOSITION:**

**OPINION CITE:**

**COURT OF APPEALS DISTRICT:**  9TH COURT OF APPEALS

## TRIAL COURT INFORMATION

**COURT:**  75TH DISTRICT COURT

**COUNTY:**  LIBERTY

**COURT JUDGE:**

**COURT CASE:**  CR24834-A

EXHIBIT - C

Functions  Options

Main Case Page | History/ Calendaring | Docket Transactions | Notes

Case No    CR24834-A                                          File No    CR24834-A

| Seq Name | Date | Description | Vol | Page |
|---|---|---|---|---|
| C | 07222013 | AFFIDAVIT OF JOSEPH L. LANZA/SB | I | 4 |
| C | 09132013 | FINDINGS OF FACT AND CONCLUSIONS OF LAW/SB | I | 11 |
| C | 09132013 | DOCKET SHEET/SB | I | 1 |
| C | 09182013 | PREPARED AND MAILED 1ST SUPPLEMENTAL RECORD/SB | I | 202 |
| C | 09182013 | DOCKET SHEET/SB | I | 2 |
| C | 09182013 | COVER LETTER TO COA/SB | I | 1 |
| C | 06192015 | PER COA THIS CASE WAS DISMISSED FOR NON COMPLIANCE/TM | | |

Additional information

Sequence [        ]    Party Name [                    ]        Date [        ]

◁  OK |  Prior  | Imaging |  Save  |  Parties  |  View Money  |  Locate  |  Exit  |  Help  ▷

Exibit D

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: <u>CHRISONDATH BADALL</u>

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: <u>PACK-ONE UNIT, T.D.C.J.</u>

TDCJ-CID NUMBER: <u>1329319</u>     SID NUMBER: _____

(1)     This application concerns (check all that apply):

     ☒  a conviction              ☐  parole

     ☒  a sentence               ☐  mandatory supervision

     ☐  time credit              ☒  out-of-time appeal or petition for discretionary review

(2)     What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

     <u>75th JUDICIAL DISTRICT, LIBERTY COUNTY, TEXAS</u>

(3)     What was the case number in the trial court?

     <u>CAUSE NO. 24,834</u>

(4)     What was the name of the trial judge?

     <u>HON. C.T. HIGHT (Trial) and HON. CHAP CAIN (Bond Hearing)</u>

1

(5) Were you represented by counsel? If yes, provide the attorney's name:

RICHARD "RACE-HORSE" HAYNES (Trial) JOSEPH L. LANZA (Appeal)

(6) What was the date that the judgment was entered?

SETEMBER 9, 2005

(7) For what offense were you convicted and what was the sentence?

MURDER (55) YEARS IMPRISONMENT

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10) What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

GUILT/INNOCENCE and PUNISHMENT

(12) Did you appeal from the judgment of conviction?

☒ yes                      ☐ no

2

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? NINTH DISTRICT OF TEXAS

(B) What was the case number? 09-05-00498-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name: JOSEPH L. LANZA

(D) What was the decision and the date of the decision? AFFIRMED/1-31-07

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? PD-0552-07

(B) What was the decision and the date of the decision? DISMISSED/6-20-07

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes          ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? N/A

(B) What was the decision and the date of the decision? N/A

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

N/A

3

Revised: September 1, 2011

ATC-11.07

_____

_____

(15)    **Do you currently have any petition or appeal pending in any other state or federal court?**

☐ yes                 ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A
_____

(16)    **If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes                 ☐ no   N/A

If you answered yes, answer the following questions:

(A)    What date did you present the claim?   N/A

(B)    Did you receive a decision and, if yes, what was the date of the decision?

N/A
_____

If you answered no, please explain why you have not submitted your claim:

N/A
_____

_____

_____

_____

(17)    **Beginning on page 6, state _concisely_ every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. _If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds._**

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Revised: September 1, 2011                                                                 ATC-11.07

## GROUND ONE:
### INEFFECTIVE ASSISTANCE OF TRIAL and/or APPEAL COUNSEL

(NOTE: Same Law Firm handled applicant's trial and appeal)

## FACTS SUPPORTING GROUND ONE:

Applicant's trial and/or appellate counsel's representation was so deficient that it fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel(s) unprofessional error(s) stated in points of error (A) through (F) of applicant's MEMORANDUM IN SUPPORT of application, the result of the trial and/or appellate proceeding would had been different, thus, violating applicant's 6th and 14th amendment rights to the U.S. Constitution and Art.I, §10, of the Texas Constitution.

See: (MEMORANDUM IN SUPPORT OF APPLICATION, page 1- . )

6

**GROUND TWO:**

N/A

**FACTS SUPPORTING GROUND TWO:**

N/A

Revised: September 1, 2011

ATC-11.07

**GROUND THREE:**

N/A

**FACTS SUPPORTING GROUND THREE:**

N/A

8

**GROUND FOUR:**

N/A

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

GROUND:                 N/A

_____

_____

**FACTS SUPPORTING GROUND:**

_____

                     N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

ATC-11.07

# VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____N/A_____, being duly sworn, under oath says: "I am the applicant / petitioner

(circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according

to my belief, the facts stated in the application are true."

_____N/A_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.

_____N/A_____
Signature of Notary Public

11

ATC-11.07

## PETITIONER'S INFORMATION

Petitioner's printed name: _____ N/A _____

State bar number, if applicable: _____ N/A _____

Address: _____ N/A _____

_____

_____

Telephone: _____ N/A _____

Fax: _____ N/A _____

## INMATE'S DECLARATION

I, __Chrisondath Badall__, am the applicant / petitioner (circle one) and being presently

incarcerated in _____T.D.C.J.-C.I.D._____, declare under penalty of perjury that, according to my belief,

the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

12

Petitioner's printed name: JAMES WESLEY SCHEXNIDER

Address: 3060 FM 3514 #703577

MARK W. STILES UNIT T.D.C.J.

BEAUMONT, TEXAS, 77705

Telephone: N/A

Fax: N/A

Signed on _____, 20_____.

_____
Signature of Petitioner

13

CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TEXAS, 77868

TEXAS COURT OF CRIMINAL APPEALS (CLERK)

P.O. BOX 12308

AUSTIN, TEXAS, 78711

RE: CAUSE NO. WR-78,218-01

Dear Hon. Clerk; (Greetings)

Please find enclosed, the original and (2) copies of Applicant's Suggestion For Reconsideration on the Court's Own Motion to be filed for review.

Sincerely Thankful;

*Chrisondath Badall*

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

EX PARTE,                              §

BADALL, CHRISONDATH                    §        CAUSE NO. WR-78,218-01

(Applicant)                            §

## APPLICANT'S SUGGESTION FOR RECONSIDERATION
## OF COURT'S DISMISSAL OF APPLICANT'S WRIT OF HABEAS CORPUS,
## PURSUANT TO C.C.P. ART. 11.07, ON THE COURT'S OWN MOTION

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, CHRISONDATH BADALL, Applicant, proceeding pro se in the above styled and numbered cause, respectfully makes his suggestion for reconsideration of the Court's DISMISSAL of Applicant's Writ of Habeas Corpus, pursuant to V.A.C.C.P. ART. 11.07, on the Court's own motion. In support thereof, Applicant, hereinafter referred to as, "BADALL," would show the Court the following:

I.

Applicant's request for this Court's reconsideration of its DISMISSAL of Applicant's art. 11.07, Writ of Habeas Corpus, on its own motion is authorized by T.R.A.P. Rule 79.2(d).

Applicant believes the Court's reconsideration of its DISMISSAL of Applicant's Application for Writ of Habeas Corpus (11.07) is required in the interest of justice for the following reason:

THE CLERK OF THE CONVICTING COURT AND/OR COURT OF CRIMINAL APPEALS UNREASONABLY DISMISSED APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS (11.07), IN VIOLATION OF APPLICANT'S DUE PROCESS RIGHT, PURSUANT TO THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, §12, OF THE TEXAS CONSTITUTION, TEXAS CODE OF CRIMINAL PROCEDURE, ART. 1.08, 11.05, 11.07, AND T.R.A.P. RULE 73.1 &,2.

## RELEVANT FACTS

The record reveals that on August 13, 2012, the Court of Criminal Appeals received Mr. Badall's Application for Writ of Habeas Corpus (11.07) in Cause No. WR-78,218-01, but DISMISSED the Application for non-compliance on August 22, 2012. See: (WR-78,218-01)

At no time prior to the Court's dismissal of Badall's Application was he notified by either, the Clerk of the convicting Court or the Clerk of the Court of Criminal Appeals of any defect(s) within the Application, as required by T.R.A.P. Rule 73.2, nor was Mr. Badall, or the convicting Court notified of the Court's dismissal of the Application on August 22, 2012. See: (EXHIBIT-A)

Due to reason, the convicting court was not advised of the dismissal of Badall's Application for Writ of Habeas Corpus, and believed it was still active, the convicting court conducted

2.

a "LIVE" evidentiary hearing on June 11, 2013, pursuant to V.A.C.C.P. art. 11.07, §3(d). The convicting court (75th Judicial District Court of Liberty, County, Texas), in addition, appointed Mr. Badall an attorney specifically for the evidentiary hearing process. See: (WR-78,218-01)

After the evidentiary hearing was conducted, counsel for the state and counsel for Mr. Badall submitted their Proposed Findings of Fact and Conclusions of Law for the trial Judge's consideration.

On September 23, 2013, the Court of Criminal Appeals received the Supplemental Clerk's Record from the convicting court, which included the record of the evidentiary hearing and the Findings of Fact and Conclusions of Law rendered by the trial judge.

On February 24, 2015, Mr. Badall sent a letter to the Court of Criminal Appeals requesting a status report on his pending Application for writ of habeas corpus. After no response, Mr. Badall sent another letter to the Court of Criminal Appeals, along with a letter to his appointed attorney, requesting a status report. See: (EXHIBIT-B)

On March 27, 2015, Mr. Badall's appointed attorney responded by informing Badall that his Application for Writ of Habeas Corpus was DISMISSED for NON-COMPLIANCE almost (2) years prior to his status report request, on August 22, 2012. See: (EXHIBIT-B)

Mr. Badall, although still not knowing the reason(s) for the dismissal of his Application, immediately prepared and submitted another Application for Writ of Habeas Corpus, pursuant to

3.

V.A.C.C.P. art. 11.07.

On June 19, 2015, Mr. Badall's Application for Writ of Habeas Corpus was again DISMISSED for NON-COMPLIANCE pursuant to T.R.A.P. Rule 73.2. See: (EXHIBIT-C)

As before, Mr. Badall was not notified by either the Clerk of the convicting Court, or the Clerk of the Court of Criminal Appeals regarding what defects, if any, needed corrected for compliance with Rule 73. See: (EXHIBIT-A)

## ARGUMENT AND AUTHORITIES

An application filed under Article 11.07, Texas Code of Criminal Procedure, must be filed on the prescribed 11.07 form application. See: EX PARTE BLACKLOCK, 191 S.W.3d 718, 719 (Tex.Crim.App. 2006) (citing T.R.A.P. Rule 73.1(a)).

Pursuant to T.R.A.P. Rule 73.1(c), the person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in SUMMARY fashion the FACTS supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

As the record reveals, Mr. Badall sufficiently complied to each and every requirement set forth in Rule 73.1(a) through (d), in BOTH applications submitted by Badall. See: (WR-78,218-01).

4.

Pursuant to T.R.A.P. Rule 73.2, the Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the original form.

The Clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the Clerk of the convicting court, with a notation of the defect, AND THE CLERK OF THE CONVICTING COURT WILL RETURN THE APPLICATION TO THE PERSON WHO FILED IT, with a copy of the official form.

As stated previously, Mr. Badall was never notified by either Court Clerk that his application had been dismissed on August 22, 2012, nor was informed for what reason(s) it was dismissed, until he requested a status report on February 24, 2015, and March 13, 2015, etc. See: (EXHIBIT-A, B)

A question has to be raised as to, if Mr. Badall or the trial judge knew the Application was dismissed on August 22, 2012, why then would the trial judge conduct a "live" evidentiary hearing and enter his Findings of Fact and Conclusions of Law on the same Application on June 11, 2013?

Also, another question must be raised, if the Clerk of the convicting Court fulfilled her duties mandated by art. 11.07, §3(b), and forwarded Badall's Application to the District Attorney, etc., then how did the Court of Criminal Appeals DISMISS Badall's Application BEFORE any Findings of Fact and Conclusions of Law were provided to them pursuant to art. 11.07, §3(d)?

5.

Mr. Badall asserts that the record clearly reveals that his Application filed on April 18, 2012, and/or the Application dismissed on June 19, 2015, were in compliance with T.R.A.P. Rule 73.1(a)-(d), whereas, the information provided on the application were typewritten, the FACTS were in summary form, and the applications and memorandums were within the required page limitation. See: (WR-78,218-01)

Article I, §12 of the Texas Constitution states: "The writ of habeas corpus is a writ of right and shall never be suspended." See also: EX PARTE THOMPSON, 273 S.W.3d 177, 181 (Tex.Crim.App. 2008)(The legislature shall enact laws to render the remedy speedy and effectual).

Similarly, article 1.08, Texas Code of Criminal Procedure, provides that "the writ of habeas corpus is a writ of right and shall never be suspended."

In addition, the Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, UPON PROPER MOTION, to grant the writ under the rules prescribed by law. See: TEX.CODE CRIM.PROC. ART. 11.05.

By the Court(s) DISMISSAL of Badall's application(s) for writ of habeas corpus; such unreasonable action has placed an unnecessary burden, delay, and expense on Mr. Badall from having to reproduce copies of exhibits and refiling the application and memorandum, etc.

6.

## PRAYER

For the above and foregoing reasons, Mr. Badall asks this Court to reconsider its dismissal of his Application(s) for Writ of Habeas Corpus on the court's own motion, and reinstate Mr. Badall's Application/memorandum for review of its merits.

Executed on this _____16th_____ day of ___October___, 2015.

_Chrisondath Badall_

CHRISONDATH BADALL

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - $132.003, that the facts stated herein my request for the Court's reconsideration of its dismissal of my application for writ of habeas corpus, on the court's own motion, is true and correct.

Executed on this _____16th_____ day of ___October___, 2015.

_Chrisondath Badall_

CHRISONDATH BADALL

## CERTIFICATE OF SERVICE

I, CHRISONDATH BADALL, do certify that a true and correct copy of this document was served on Respondent by U.S. Mail, postage prepaid, addressed to:

Liberty County, Texas, District Attorney

1923 Sam Houston St.

Liberty, Texas, 77575

_Chrisondath Badall_

CHRISONDATH BADALL

T.D.C.J. NO. #1329319

2400 WALLACE PACK RD.

NAVASOTA, TX. 77868

7.

EXHIBIT - A

## VOLUNTARY AFFIDAVIT

I, CHRISONDATH BADALL, being of sound mind, and over the age of (18) years old, make this declaration from personal knowledge, and under the penalty of perjury:

I filed my first Application for Writ of Habeas Corpus pursuant to C.C.P. art. 11.07, on April 18, 2012. On June 11, 2013, the trial judge of the 75th Judicial District Court of Liberty County, Texas, appointed me an attorney and held an evidentiary hearing pursuant to trial cause no. CR-24,834-A, and Writ No. WR-78,218-01.

At no time prior to this evidentiary hearing was I informed that my application for writ of habeas corpus had been DISMISSED for NON-COMPLIANCE on August 22, 2012. I did not learn of this fact until after requesting a status report from my appointed attorney, on March 27, 2015. See: (EXHIBIT-B)

I immediately refiled my application for writ of habeas corpus, but it was, AGAIN, dismissed for non-compliance on June 19, 2015, unbeknownth to me until obtaining another status report by way of the inter-net. See: (EXHIBIT-C)

## OATH

I, CHRISONDATH BADALL, do declare under the penalty of perjury that the facts stated herein my Voluntary Affidavit is true and correct.
Executed on this ___16th___ day of ___October___, 2015.

CHRISONDATH BADALL
T.D.C.J. NO.#1329319
2400 wallace pack rd.
navasota, texas, 77868

EXHIBIT - B

Stephen C. Taylor
Attorney at Law

P.O. Box 293
Conroe, Texas  77305
Voice Mail (800) 223-8308
Fax (936) 539-1079
e-mail: sctaylor1@peoplepc.com

March 27, 2015

Chrisondath Badall
TDC# 1329319
Pack One Unit
2400 Wallace Pack Rd.
Navasota, Texas   77868

Re: Writ No. WR-78,218-01; Liberty County

Mr. Badall:

Records from the Court of Criminal Appeals (CCA) reflect:

On 8-13-12 the CCA received an Application for Writ of Habeas Corpus from you; assigned case# WR-78,218-01.

On 8-22-12 the CCA **DISMISSED** your Application for Writ of Habeas Corpus for **NON-COMPLIANCE**.

On 9-23-13 the CCA received the SUPPLEMENTAL CLERK'S RECORD from the Liberty County District Clerk's Office, which included the record from our hearings, and the FINDINGS OF FACT AND CONCLUSIONS OF LAW.  The CCA filed the SUPPLEMENTAL CLERK'S RECORD, but took **no action** because case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.

On 2-24-15 and 3-13-15 you corresponded with the CCA requesting a status update.  On both occasions the CCA advised you that case # WR-78,218-01 had been previously **DISMISSED** for **NON-COMPLIANCE**.

Thank you,

Stephen C. Taylor



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

April 01, 2015

Chrisondath Badall
320 S. Chestnut St.
Lufkin, TX 75901

**Re:** Badall, Chrisondath
**CCA No.** WR-78,218-01
**Trial Court Case No.** CR24834-A

Your letter has been received. Please be advised:

IMPORTANT:  PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☐ To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐ Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☒ **Your application for writ of habeas corpus has been received on Monday, August 13, 2012.     The status is: DISMISSED -- NON COMPLIANT on August 22, 2012. Specifically, facts not set out on the prescribed form.**

☐ Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

Sincerely,

Abel Acosta, Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW.TXCOURTS.GOV/CCA.ASPX

Style:  Badall, Chrisondath

| | |
|---|---|
| Original Proceeding: | No |
| Case Description: | 11.07 HC |

Punishment: 55 YRS    BondAmount:        In Jail: False

**Trial Court Information**

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Liberty | 75th District Court | CR24834-A | | |

**COA Information**

| COA Case Number | Published Cite | COAJudge | Disposition Code |
|---|---|---|---|
| 09-05-00498-CR | | | |

**Events and Opinions**

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submis sion |
|---|---|---|---|---|---|---|---|
| 03/13/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/R ETD | | | |
| 02/24/2015 | HABEAS CORPUS REC - 1107-HC | STATUS | PRO SE | NONCOMP/R ETD | | | |
| 09/23/2013 | HABEAS CORPUS REC - 1107-HC | SUPP/CLERK RECORD | WRIT | | | | |
| 08/22/2012 | HABEAS CORPUS REC - 1107-HC | ACTION TAKEN | WRIT | NONCOMP/R ETD | | NONCOM P/RETD 73.1 | |
| 08/15/2012 | HABEAS CORPUS REC - 1107-HC | WRIT SUBMITTED | WRIT | | | | |
| 08/13/2012 | HABEAS CORPUS REC - 1107-HC | WRIT RECEIVED | WRIT | | | | |

MENU

Home
Courts ˅
Rules & Forms ˅
Organizations ˅
Publications & Training ˅
Programs & Services ˅
Judicial Data ˅
eFile Texas
Media

# CASE: WR-78,218-01

**DATE FILED:** 08/13/2012

**CASE TYPE:** 11.07 HC

**STYLE:** BADALL, CHRISONDATH

**V.:**

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|------|-----------|-------------|----------|
| NO BRIEFS. | | | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 03/13/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [PDF/57 KB] |
| 02/24/2015 | STATUS (INMATE CORRES) | PRO SE | DISMISSED – NON-COMPLIANCE | LETTER [PDF/35 KB] NOTICE [PDF/102 KB] |
| 09/23/2013 | SUPP/CLERK RECORD | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |
| 08/22/2012 | ACTION TAKEN | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | DISMISSED – NON-COMPLIANCE | |
| 08/13/2012 | WRIT RECEIVED | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|---|---|---|
| 08/22/2012 | STORED | WRIT STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|---|---|---|
| BADALL, CHRISONDATH | APPLICANT (WRITS)/APPELLANT'S (CASES) | |

## COURT OF APPEALS INFORMATION:

COA CASE NUMBER      09-05-00498-CR

COA DISPOSITION:

OPINION CITE:

COURT OF APPEALS DISTRICT:      9TH COURT OF APPEALS

## TRIAL COURT INFORMATION

COURT:      75TH DISTRICT COURT

COUNTY:      LIBERTY

COURT JUDGE:

COURT CASE:      CR24834-A

EXHIBIT - C

Main Case Page | History/Calendaring | Docket Transactions | Notes

| | | | |
|---|---|---|---|
| Case No | CR24834-A | File No | CR24834-A |

| Seq Name | Date | Description | Vol | Page |
|---|---|---|---|---|
| C | 07222013 | AFFIDAVIT OF JOSEPH L. LANZA/SB | I | 4 |
| C | 09132013 | FINDINGS OF FACT AND CONCLUSIONS OF LAW/SB | I | 11 |
| C | 09132013 | DOCKET SHEET/SB | I | 1 |
| C | 09182013 | PREPARED AND MAILED 1ST SUPPLEMENTAL RECORD/SB | I | 202 |
| C | 09182013 | DOCKET SHEET/SB | I | 2 |
| C | 09182013 | COVER LETTER TO COA/SB | I | 1 |
| C | 06192015 | PER COA THIS CASE WAS DISMISSED FOR NON COMPLIANCE/TM | | |

Additional information

| | | |
|---|---|---|
| Sequence | Party Name | Date |

◁  OK  |  Prior  |  Imaging  |  Save  |  Parties  |  View Money  |  Locate  |  Exit  |  Help  ▷

Exibit D

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: CHRISONDATH BADALL _____

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: PACK-ONE UNIT, T.D.C.J. _____

TDCJ-CID NUMBER: 1329319 _____  SID NUMBER: _____

(1)  This application concerns (check all that apply):

☒  a conviction            ☐  parole

☒  a sentence              ☐  mandatory supervision

☐  time credit             ☒  out-of-time appeal or petition for
                               discretionary review

(2)  What district court entered the judgment of the conviction you want relief from?
(Include the court number and county.)

75th JUDICIAL DISTRICT, LIBERTY COUNTY, TEXAS

(3)  What was the case number in the trial court?

CAUSE NO. 24,834

(4)  What was the name of the trial judge?

HON. C.T. HIGHT (Trial) and HON. CHAP CAIN (Bond Hearing)

i

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: <u>CHRISONDATH BADALL</u>

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: <u>PACK-ONE UNIT, T.D.C.J.</u>

TDCJ-CID NUMBER: <u>1329319</u>          SID NUMBER: _____

(1)     This application concerns (check all that apply):

&#9746;     a conviction              &#9744;     parole

&#9746;     a sentence                &#9744;     mandatory supervision

&#9744;     time credit               &#9746;     out-of-time appeal or petition for
                                            discretionary review

(2)     **What district court entered the judgment of the conviction you want relief from?**
        (Include the court number and county.)

        <u>75th JUDICIAL DISTRICT, LIBERTY COUNTY, TEXAS</u>

(3)     **What was the case number in the trial court?**

        <u>CAUSE NO. 24,834</u>

(4)     **What was the name of the trial judge?**

        <u>HON. C.T. HIGHT (Trial) and HON. CHAP CAIN (Bond Hearing)</u>

1

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

RICHARD "RACE-HORSE" HAYNES (Trial) JOSEPH L. LANZA (Appeal)

(6) **What was the date that the judgment was entered?**

SETEMBER 9, 2005

(7) **For what offense were you convicted and what was the sentence?**

MURDER (55) YEARS IMPRISONMENT

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

N/A

(9) **What was the plea you entered?** (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☒ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10) **What kind of trial did you have?**

☐ no jury      ☒ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11) **Did you testify at trial? If yes, at what phase of the trial did you testify?**

GUILT/INNOCENCE and PUNISHMENT

(12) **Did you appeal from the judgment of conviction?**

☒ yes      ☐ no

2

Revised: September 1, 2011      ATC-11.07

**If you did appeal, answer the following questions:**

(A) What court of appeals did you appeal to? <u>NINTH DISTRICT OF TEXAS</u>

(B) What was the case number? <u>09-05-00498-CR</u>

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name: <u>JOSEPH L. LANZA</u>

(D) What was the decision and the date of the decision? <u>AFFIRMED/1-31-07</u>

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? <u>PD-0552-07</u>

(B) What was the decision and the date of the decision? <u>DISMISSED/6-20-07</u>

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? <u>N/A</u>

(B) What was the decision and the date of the decision? <u>N/A</u>

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

<u>N/A</u>

3

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

<u>                            N/A                             </u>

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☐ no    N/A

If you answered yes, answer the following questions:

(A) What date did you present the claim? <u> N/A                    </u>

(B) Did you receive a decision and, if yes, what was the date of the decision?

<u>                            N/A                             </u>

If you answered no, please explain why you have not submitted your claim:

<u>                            N/A                             </u>

<u>                                                      </u>

<u>                                                      </u>

<u>                                                      </u>

<u>                                                      </u>

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Revised: September 1, 2011

ATC-11.07

**GROUND ONE:**
        INEFFECTIVE ASSISTANCE OF TRIAL and/or APPEAL COUNSEL

(**NOTE:** Same Law Firm handled applicant's trial and appeal)

**FACTS SUPPORTING GROUND ONE:**

Applicant's trial and/or appellate counsel's representation was so deficient that it fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel(s) unprofessional error(s) stated in points of error **(A)** through **(F)** of applicant's MEMORANDUM IN SUPPORT of application, the result of the trial and/or appellate proceeding would had been different, thus, violating applicant's 6th and 14th amendment rights to the U.S. Constitution and Art.I, §10, of the Texas Constitution.

See: (**MEMORANDUM IN SUPPORT OF APPLICATION,** page 1-   )

6